RECEIVED IN CLERK'S OFFICE
U.S.D.C. Atlanta

JAN 29 2013

JAMES N. HATTEN, Clerk
By: [signature], Deputy Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA

Marina D. Gooden

    Plaintiff

v.

Internal Revenue Service,
Michael A. McBride, acting Dir., HQ Ops,
Beverly E. Thomas, Compliance (Exec),
Ronald H. Smith, (retired)
Julieta Garcia, Dir., CARE,
Michael C. Beebe, Dir. Field Assistance
Kim N. Prince, Manager, QPO,
Thomas J. Golatz, Specialist, L.R.,
John and Jane Doe 1-50

    Defendants

Civil Action No. **RWS**

**1 13-CV-0298**

**Jury Trial Demanded**

# COMPLAINT

## STATEMENT OF CLAIM

Comes now Marina D. Gooden, Duluth, GA, the Plaintiff herein, and hereby files this claim against the above named defendants and in support thereof states as follows:

## PRELIMINARY STATEMENT

This is an employment-related action for violations of the Plaintiff's civil rights by her federal employer, the Internal Revenue Service (IRS), under Title VII of the Civil Rights Act of 1964, as amended, 42 U.S.C. § 2000e et seq. ("Title VII") and under the Federal

Tort Claims Act, Georgia Code-Title 51, under the provisions of the Privacy Act of 1974, as amended, Records Maintained on Individuals, 5.U.S.C§552a, and the 14th Amendment, 29 US Code Chapter 16, Civil Rights Act 42, Code 21§§1981, 1981A, 1983 & 1988 and Executive Order No. 11478.  The Agency engaged in unlawful employment discrimination in violation of civil rights and tort laws when the Agency committed retaliatory acts against the Plaintiff that were intended to/ reasonably likely to deter her continued protected activity.  The Plaintiff participated in an Equal Employment Opportunity (EEO) claim alleging intersectional discrimination, accusing a long time White male supervisory employee and his immediate chain of command due to their prior knowledge of the accused employee's well known workplace misconduct.  As punishment for initiating that complaint, participating in that investigation and for cooperating in the related Equal Employment Opportunity Commission (EEOC) proceedings, the Plaintiff has suffered a continuing hostile work environment,  repeated retaliation, blatant and subtle reprisals, which includes agents of the Employer destroying evidence contained in official federal records stored on the Plaintiff's desktop  computer by deleting data and electronic files,  by assigning her an inequitable amount of higher-graded work/duties under  duress and without proper compensation for  a period longer than three  (3) consecutive years (the latter of which is a claim under review by EEOC currently) as well as  other unlawful interferences with [the Plaintiff's] work environment, duties and assignments.

## JURISDICTION AND VENUE

1.  This Court has jurisdiction pursuant to 28 U.S.C. §§ 1331, Title VII, and related sections applicable as the United States and/or its agencies are named defendants to the action.

2.  The unlawful employment practices alleged below were committed and/or executed by supervisory personnel of the Internal Revenue Service ( "IRS" or "Employer"), which is a part of the United States Department of Treasury. The claims arise from events that occurred in the Federal Summit Building at the IRS Headquarters site in Atlanta, Georgia. Accordingly, venue lies in the United States District Court for the Northern District of Georgia under 28 U.S.C. § 90, 28 U.S.C. § 1391(b) and 42 U.S.C. § 2000e-5(f)(3).

## PARTIES

3.  The Plaintiff, Marina D. Gooden, is an African-American/Caribbean female who is hard-of-hearing (HOH), a condition that is permanent. Ms. Gooden wears two hearing aids to enhance her ability to function in work and life. Ms. Gooden has a mailing address of 1403 Arbor Drive, Duluth, GA 30096 and is a GS-07 Management and Program Assistant employed by the Stakeholder Partnerships, Education and Communication (SPEC) division of the IRS.

4.  Tortfeasors, Michael A. McBride, Micheal C. Beebe, Julieta Garcia, Beverly E. Thomas, Kim Prince, Thomas J. Golatz and other colluding individuals in the

retaliation against the Plaintiff, are high-ranking management officials in SPEC, the agency that employs the Plaintiff at the IRS and are the named defendants herein in its official capacity. Defendant Ronald H. Smith of 691 Battlesea Drive Lawrenceville, GA, is a retired IRS management official who served as the immediate manager of the Plaintiff from November 2008 through January 2012 is also named as a tortfeasor to answer in this action and was the initiator of the hostile work environment and the perpetrator of the original discriminatory acts against the Plaintiff.

5. The United States Department of Treasury engages in commerce for the purposes of Title VII and qualifies as an employer within the meaning of the statute and regulations at issue.

## STATEMENT OF FACTS

6. The Plaintiff, Ms. Gooden, has been employed as a full time, permanent employee by the Internal Revenue Service for approximately thirteen (13) years. Ms. Gooden has worked for seven of those years in SPEC in the position of a Management and Program Assistant at all times relevant hereto.

7. While working in her present capacity, the Plaintiff, Ms. Gooden provided a written statement on or about October 13, 2009 supporting an EEO complaint she filed against a White male manager for intersectional (racial and disability) discrimination that created a hostile environment. Ms. Gooden pursued a complaint through the EEO

statutory process only after several appeals to higher management for relief from the discriminator's adverse treatment failed to produce any remedial action(s) by higher management after they were notified of the complaints of discrimination involving Mr. Smith.

8.     Example: Retaliation - On June 30, 2010, when Defendant Ronald H. Smith approached the Plaintiff and asked her to repudiate her complaint against him and the Agency in exchange for a more desirable performance appraisal narrative written by him. This retaliatory act was intended to/ reasonably likely to deter the Plaintiffs continued protected activity.

9.     Example: Retaliation - On or about April 24, 2011, in a retaliatory act spearheaded by Defendant Michael A. McBride, the Agency improperly denied a desk audit requested by the Plaintiff, which was needed to pursue assessment of consistently-assigned Grade 13 level analyst work that the Plaintiff had performed since 2006. This retaliatory act was intended to conceal the true nature of the work performed by the Plaintiff, Ms. Gooden and was reasonably likely to deter the Plaintiffs continued protected activity.

## COUNT I:  Intentional Infliction Emotional Distress

10.    Subsequently, the Plaintiff disclosed many violations committed by her supervisory manager and due to the severity and validity of the charges alleged, there was

a hearing held on the violative matters that ended in October 2011. The internal hearing comprised of internal personnel and decision-makers was ultimately rejected despite compelling testimony by the Plaintiff's witnesses and obviously contradictory declarations by the Agency. Not long after a decision on those proceedings was rendered and appealed by the Plaintiff, the offending manager retired, leaving his employment with the IRS without his unlawful, well-known behavior ever being reproved or remedied by the Agency.

11. As a result of the departure of the offending manager, the Plaintiff was reassigned to another manager, Kim Prince at the Atlanta facility. However, the higher level management official chain of command is the same group of individuals involved in the original complaint of adverse treatment by the Plaintiff. At every opportunity, these same individuals have embarked on an aggressive retaliation campaign against the Plaintiff that includes continuing and varied forms of harassment, adverse treatment and pervasively maintaining a hostile work environment against the Plaintiff in the former management official's honor in retaliation for her engagement in protected activities since 2009.

12. On or about September 25, 2009, because Defendant Ron Smith had knowledge that the Plaintiff was about to participate in protected activity, Mr. Smith approached the Plaintiff as she stood outside his immediate supervisor's office and rammed himself against the Plaintiff hard enough to knock her off balance and asked through clenched teeth, "What are you doing over here?" This retaliatory act against the

Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

13.     On or about October 19, 2009, the Plaintiff, Ms. Gooden was absent. On or about October 20, 2009, she arrived at work to find that 1. her computer had been invaded inappropriately, 2. Several electronic data files had been accessed and re-directed to an unknown printer in her absence by someone with special administrative permissions that had locked me out of the computer.  The Plaintiff was informed upon return to work that a workgroup co-worker, known to have special Information Technology (IT) access permissions, had been typing on her computer twice on October 19, 2009 ,and was also seen and overheard reporting back to Mr. Smith. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

14.     In or about October, 2009, the Plaintiff, Ms. Gooden overheard Defendant Ron H. Smith say to another African American female who was reorganizing a hallway closet on the other side of the Plaintiff's work cubicle, "Looks like plantation work to me," and then Mr. Smith laughed out loud as he walked away. The female employee went over to the Plaintiff's desk to complain for several minutes, saying, "Did you hear what that man said to me? How dare he talk to me like that?"  A while later, this individual came back to me with a fearful look on her face and said, "I don't want no trouble, so don't you say nothing about what Ron did." This discriminatory comment is an example of the type of comments Defendant Smith was infamous for during his

employment at the IRS. The named Defendants were or should have been aware of Mr. Smith's reputation and propensity for discriminatory behavior.

15. On or about December 15, 2009, the Plaintiff, Ms. Gooden signed an Information Resources Accessibility Program (IRAP) application form. On or about December 16, 2009, the Plaintiff arrived at work to find a [regular computer] headset that had been on her desk was then lying on the floor and torn apart. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency and was also in opposition to the Plaintiff's adaptive equipment request because of my disability.

16. In or about December 30, 2009, the Plaintiff, Ms. Gooden filed a formal EEO complaint against Mr. Smith that included racial and disability discrimination, the creation and maintenance of a hostile work environment because of the continuing and escalating disparate treatment by Defendant Smith and other colluding individuals employed by the Agency.

17. On or about January 6, 2010, the Plaintiff, Ms. Gooden arrived at work to find that all her data files and electronic mail files had been deleted from her desktop computer permanently. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

18. On or about May 25, 2010, Defendant, Ron Smith approached the Plaintiff's desk and glared at another African American woman standing there talking to

the Plaintiff. Mr. Smith rammed himself against her with enough force to knock her off balance in retaliation against the Plaintiff because of her engagement in ongoing protected activity and intended to/ reasonably likely to deter her continued protected activity against the Agency..

19. On June 30, 2010, Defendant Ron Smith approached the Plaintiff, Ms. Gooden and asked her to repudiate her complaint against him and the Agency in exchange for a more desirable performance appraisal narrative written by him. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

20. On or about January 24, 2011, Defendant Ronald H. Smith threatened the Plaintiff with suspension because of a minor balance on her government credit card that was due to a misunderstanding, and the balance had been reconciled honestly. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

21. On or about April 24, 2011, the Agency improperly denied a desk audit requested by the Plaintiff to pursue assessment of consistently-assigned Grade 13 level analyst work that the Plaintiff had performed since 2006. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

22. On or about the morning of January 4, 2012, Defendant Prince met with the Plaintiff for about five minutes to tell [the Plaintiff] that she had 'heard' about [the Plaintiff], but Ms. Prince was going to ignore 'all of that' and give [the Plaintiff] a clean slate if she 'kept her out of trouble.' Conversely, Ms. Prince proceeded to ignore [the Plaintiff] (rarely spoke to or interacted with [the Plaintiff] for weeks at a time). On October 14, 2012, Ms. Prince stated that the reason she rarely interacted with the Plaintiff, "I feel like every time I open my mouth, [Marina] files a complaint." Present at that time of this transpiration besides the Plaintiff was co-torfeasor Thomas Golatz. The ostracism and marginalization were retaliatory acts against the Plaintiff and was intended to/ reasonably likely to deter her continued protected activity against the Agency.

23. From March, 2012 through October 2012, Defendant Kim Prince treated the Plaintiff differently regarding work assignments. Ms. Prince infrequently gave [the Plaintiff] work assignments and the work assignments given were simple or "busy" work. On October 14, 2012, Ms. Prince stated that the reason she rarely gave the Plaintiff work assignments as: "I thought you were gonna say I was giving you higher grade work." Present at that time of this transpiration besides the Plaintiff was co-torfeasor Thomas Golatz. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

24. On or about the morning of March 5, 2012, I discovered that a large number of electronic data files had been erased from my desktop computer.

These files were to have been used as official evidence in an upcoming EEO complaint against the Agency. Only the email communications pertaining to the relevant period of the complaint were missing. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

25. From March, 2012 through October 2012, Defendant Kim Prince treated the Plaintiff differently regarding requests to telework, requiring her to participate in the program only under disparate terms of the tangible job benefit that were contrary to federal and Agency policies stated as a pretext to conceal her disparate treatment of the Plaintiff. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

26. On or about June 27, 2012, in retaliation for the Plaintiffs protected activity against the Employer, acting as an agent for the IRS-SPEC, Labor Relations Specialist, Thomas J. Golatz willfully and maliciously shared private and confidential information about the Plaintiff, Ms. Gooden with area Agency staff without a need-to-know basis. This retaliatory act against the Plaintiff was intended to/ reasonably likely to deter her continued protected activity against the Agency.

27. On or about August 7, 2012, I wrote to my congressman about my civil rights being violated. I received his mailed reply on or about December 18, 2012. On or about December 14, 2012, I received a negative response from management regarding the

discriminatory retaliation leveled against me by the current chain of command that was the subject of my correspondence with my congressman.

28. On or about September 18, 2012, I was informed by my representative in an internal complaint that when she asked [Defendant Prince] why she continued to deny the Plaintiffs requests to telework, Ms. Prince stated to my representative, "I was all right until [the Plaintiff, Ms. Gooden] filed that case." This conveyance of the discussion was an open admission by Defendant Prince confirming her participation in the Agency's retaliation campaign against the Plaintiff.

29. Encouraged by their success at orchestrating and perpetuating many acts of retaliation, harassment and discrimination against the Plaintiff, Ms. Gooden without any repercussions, the Defendants have continued to engage in continuous actual and attempted unlawful discrimination against Ms. Gooden by actions that were designed to intimidate, harass and otherwise penalize the Plaintiff.

## COUNT II: Negligent Infliction of Emotional Distress

30. The Plaintiff re-alleges and incorporates by reference herein all of the allegations contained in paragraphs 1-28 above.

31. The SPEC Chain of Command relevant to this issue consists of: Julie Garcia (Director of CARE), Michael E. Beebe (former, Director of SPEC), Michael A. McBride (acting director of SPEC-Headquarter Operations), Kim Prince, Section Chief,

and (Quality Program Office).  SPEC management official, Thomas Golatz, Specialist (Labor Relations).  Beverly E. Thomas (former manager of the Plaintiff).  Kim Prince,(current manager of the Plaintiff), prior to October 14, 2012 had openly abided by the will of the chain of command who opposes the Plaintiffs protected activity and had been willing to collude against the Plaintiff in a series of retaliatory acts were intended to/ reasonably likely to deter her continued protected activity against the Agency.

     32.    In or about November 1, 2008, following a discrimination complaint against him by a Black female on his staff, the Agency assigned Defendant Ron H. Smith to a diverse workgroup with another Black female as his administrative assistant (the Plaintiff) and at least four other Black staff members, which included one Black male. This act was negligent and resulted in the infliction of emotional distress to the Plaintiff caused by Mr. Smith's discriminatory actions.

     33.    Beginning in or about June, 2009, Defendants Michael A. McBride and Julieta Garcia, despite promoting an 'open door policy' for all employees, ignored communications from Ms. Gooden, and her requests for an immediate job reassignment. At that time, the tortfeasors already had knowledge that Mr. Smith had a history of racial animus, making it a reasonable consideration that Mr. Smith may have returned to his known workplace comportment of racial discriminatory behavior. Collaterally, the Defendants did continue to ignore/deny any pleas from Ms. Gooden and all attempts at gaining relief from the hostile work environment. The Defendants took no effective measure to resolve the issues after being notified of the existing complaints.

34. Beginning in or about November, 2009, Defendants Michael A. McBride, Michael C. Beebe, and Julieta Garcia and other management officials, were made aware or should have been aware that Ms. Gooden had filed an informal EEO complaint of discrimination against Mr. Smith. The Defendants took no effective measure to resolve the issue after being notified of the existing complaint.

35. That since notification of a hostile work environment on or about June, 2009, thereafter, the Defendants by and through their employees/servant/agents have breached applicable agency, state and federal standards that include general, ordinary diligence/ the degree of care owed to the Plaintiff Marina D. Gooden, on a continual and ambitious basis, directly caused/exacerbated injury to the Plaintiff's emotional and mental state.

36. That as a direct result of the negligence of the Agency and breaches by them of the applicable agency, state and federal standards that include general, ordinary diligence/ the degree of care owed to the Plaintiff Marina D. Gooden, by the Defendant, by and through its nurses, employees, and medical staff, resulting in an impact to the Plaintiff, Marina D. Gooden's health and wellbeing, the Plaintiff has sustained these damages as outlined in, but not limited to, the Federal Tort Claims Act, Georgia Code-Title 51, the 1964 Civil Rights Act-Sections 703 and 704, the 14th Amendment, 29 US Code Chapter 16, Civil Rights Act 42, Code 21§§1981, 1981A, 1983 & 1988 and Executive Order No. 11478 to include but not limited to, mental anguish, emotional pain and suffering, and loss of companionship.

37. The Plaintiff, Ms. Gooden has also suffered economic losses because of the Agency's actions, the Plaintiff have suffered substantial damage to her reputation and the interpersonal relationships with her co-workers and other staff at the Agency. By damaging Ms. Gooden in these ways, she has also suffered the loss of opportunity and career growth, including a loss of increased pay, pension, and benefits that come with a higher position.

38. The pursuit of this Federal Tort Claim against the Agency because of its negligent infliction of emotional distress because of their knowledge and 100% tolerance of Mr. Smith's and others' with the power and authority to intentionally inflict emotional distress on the Plaintiff comes as a result of its unwillingness to address, correct or remedy in any way the hostile work environment Ms. Gooden has been subjected to under Smith since before 2008 and other management officials thereafter. Managing the daily emotional stress because of the unlawful treatment she continues to receive for engaging in protected activity has also produced impact to the Plaintiff's health, personal life and her overall prospects for the future as well.

39. The retaliatory conduct of the Agency, on its face, constitutes unlawful employment discrimination and specifically violates related regulations found in state and federal statutes since 2009.

## PRAYERS for REMEDIES and RELIEF

40. The Plaintiff is entitled to relief under Title VII, and federal and state tort laws for her employer's illegal discriminatory conduct and retaliation, including but not

limited to, the Agency's disparate treatment of the Plaintiff because of her participation in protected activities.

41. Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants and direct the following relief:

a. For a money judgment representing pecuniary damages in the amount of $5,000.00 in doctor's visits and travel and mileage fees incurred resultantly, and non-pecuniary damages in the amount of $3,000,000.00 as a result of Smith's unlawful harassment/creation and maintenance of a hostile work environment on the basis of [the Plaintiff's] race, gender and disability, and Smith's and the agency's subsequent retaliation that constitutes Title VII unlawful practices (i.e. ethnic slurs, racial "jokes", offensive or derogatory comments and other verbal or physical conduct). Also, due to the agency's voracious, 100% tolerance of Smith's unlawful acts, their gross negligence and colluded reprisal of the Plaintiff for engaging in protected activity and for the agency's failing to take reasonable care to prevent and correct [promptly or subsequently] any harassing behavior according to agency policy on prohibited workplace discrimination and correlating law such as the 1964 Civil Rights Act-Sections 703 and 704, the 14th Amendment, 29 US Code Chapter 16, Civil Rights Act 42, Code 21§§1981, 1981A, 1983 & 1988 and Executive Order No. 11478;

f. That this Honorable Court retain jurisdiction over this action until the Defendants have fully complied with Orders of this Court and that the Court require Defendants to file such reports as may be necessary to supervise such compliance;

g.  For such other and further relief as may be allowed, just and proper.

## JURY DEMAND

42.  The Plaintiff herein hereby demands a trial by jury on all issues in this action.

*WHEREFORE,* the Plaintiff respectfully requests that this Honorable Court enter judgment in her favor and against the Defendants.

Respectfully Submitted,

*Marina Gooden, Plaintiff*

Date: 1/29/2013

_____
Notary Public /Seal

1/29/13
Date